J-S74015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD NAYLOR | |
| Appellant | No. 8 EDA 2015 |

Appeal from the Judgment of Sentence November 12, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004974-2010

BEFORE: OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED OCTOBER 24, 2016**

Appellant appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County following the revocation of his probation. Upon review, we are constrained to vacate the judgment of sentence and remand for the trial court to determine properly Appellant's eligibility under the Recidivism Risk Reduction Incentive Act ("RRRI Act"), 61 Pa.C.S.A. §§ 4501-4512.

The relevant facts and procedural history are as follows: On August 5, 2011, Appellant entered a negotiated guilty plea to the charges of indecent assault, endangering the welfare of a child, corruption of minors, and

---

[*] Former Justice specially assigned to the Superior Court.

hindering apprehension.[1]   Following the Sexual Offenders Assessment Board's conclusion that Appellant was not a sexually violent predator, Appellant was sentenced on November 22, 2011, in accordance with his plea agreement.  Specifically, Appellant was sentenced to one year less a day to two years less a day in prison for indecent assault; five years probation for endangering the welfare of a child, to run consecutively to his sentence for indecent assault; five years probation for corruption of minors, to run consecutively to his sentence for indecent assault and endangering the welfare of a child; and one year less a day to two years less a day in prison for hindering apprehension, to run concurrently with his sentence for indecent assault.  Thereafter, Appellant filed neither post-sentence motions nor a direct appeal.

In August 2014, Appellant was accused of violating his probation with regard to the offenses listed *supra*, and on November 12, 2014, represented by counsel, he proceeded to a ***Gagnon II***[2] hearing.  Appellant stipulated to a technical violation of his probation, and the trial court revoked Appellant's probation.  The trial court then resentenced Appellant to eighteen months to thirty-six months in prison for endangering the welfare of a child and five years probation for corruption of minors, the sentences to run consecutively. Appellant was additionally ordered to complete the sex offender program

---

[1] 18 Pa.C.S.A. §§ 3126, 4304, 6301, and 5105, respectively.
[2] ***Gagnon v. Scarpelli***, 411 U.S. 778, 93 S.Ct. 1756 (1973).

and was given credit for time served. No further penalty was imposed for the remaining convictions. Appellant did not file post-sentence motions; however, he filed a timely appeal.[3]

Appellant presents the following issue:

Whether the eighteen month to thirty-six month term of state confinement for endangering the welfare of children is illegal since the court failed to make a RRRI determination at the time of sentencing?

Appellant's Brief at 5.

Appellant contends that, in Pennsylvania, the trial court is statutorily required to determine, at the time of sentencing, whether the defendant is an eligible offender under the RRRI Act. He asserts that, in this case, the trial court failed to make a proper determination regarding his RRRI eligibility, and thus, since there is no statutory authorization for his particular sentence, his sentence is illegal. Without conceding that Appellant is RRRI eligible, the Commonwealth notes that it is proper to vacate the instant sentence and remand for the trial court to make an on-the-record determination regarding Appellant's RRRI eligibility. For the reasons discussed *infra*, we agree.

---

[3] In response to the trial court's Pa.R.A.P. 1925(b) order, counsel filed a statement of intent to file an **Anders** brief under Pa.R.A.P. 1925(c)(4). Accordingly, the trial court filed a brief Pa.R.A.P. 1925(a) opinion indicating it was not addressing the merits of any potential appellate issues.

Initially, we note that Appellant presents his claim for the first time on appeal. Generally, claims raised for the first time on appeal are waived; however, this Court has held that a claim asserting the trial court failed to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence, implicates the legality of a sentence and is non-waivable. *See Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa.Super. 2014) (indicating that a challenge to the trial court's failure to apply a RRRI minimum is a non-waivable legality of sentencing claim). "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Stradley*, 50 A.3d 769, 772 (Pa.Super. 2012) (citation omitted).

Moreover, with regard to sentences imposed after a defendant violates his probation, we have explained that "upon revocation of probation, the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." 42 Pa.C.S.A. § 9771. "[W]here probation is violated, the trial court is free to impose any sentence permitted under the Sentencing Code." *Commonwealth v. Partee*, 86 A.3d 245, 249 (Pa.Super. 2014) (citations omitted).

The RRRI Act provides that, "[a]t the time of sentencing, the court shall make a determination whether the defendant is an eligible offender." 61 Pa.C.S.A. § 4505. If the trial court finds the defendant to be an eligible

offender, or if the prosecuting attorney waives the eligibility requirements under Section 4505(b), the trial court must calculate minimum and maximum sentences, and then impose the RRRI minimum sentence. *See id.* As our Supreme Court has indicated, the RRRI Act requires trial courts, upon consideration of the factors set forth in 61 Pa.C.S.A. § 4503 (defining "eligible offender"), to determine at the time of sentencing whether the defendant is an "eligible offender." ***Commonwealth v. Chester***, 627 Pa. 429, 101 A.3d 56 (2014).

The Sentencing Code was amended, effective November 24, 2008, to include the following section requiring the trial court to determine RRRI eligibility:

> **(b.1) Recidivism risk reduction incentive minimum sentence.**—The court **shall** determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court **shall** impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S.A. § 9756(b.1) (emphasis added).

Moreover, in ***Commonwealth v. Robinson***, 7 A.3d 868, 871 (Pa.Super. 2010), this Court held that "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required" in accordance with the RRRI Act and

Sentencing Code, "the sentence is illegal." **Robinson**, 7 A.3d at 871. Thus, "[w]hen a court imposes a sentence of imprisonment in a state correctional facility, the court must also determine if the defendant is eligible for an RRRI Act minimum sentence[.]" **Commonwealth v. Hansley**, 616 Pa. 367, 47 A.3d 1180, 1187 (2012) (citation omitted).

In the case *sub judice*, the issue of whether Appellant was RRRI eligible was not discussed at the revocation sentencing hearing and the trial court made no determination or inquiry on the record. While the written sentencing order contains a notation "Not RRRI eligible," there is no indication this determination was made by the trial court in consideration of the required statutory factors.

Accordingly, since the trial court was statutorily required to make a determination of Appellant's RRRI eligibility pursuant to 61 Pa.C.S.A. § 4503 (defining "eligible offender") when it sentenced Appellant to eighteen months to thirty-six months in prison for violating his probation, and the record fails to reveal the trial court did so, we have no choice but to vacate the judgment of sentence and remand for the trial court to determine properly Appellant's RRRI eligibility. **See Robinson**, 7 A.3d at 870-71.

Judgment of sentence vacated. Case Remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016