J-A05018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEVONTE PAUL JOHNSON, | |
| Appellant | No. 333 WDA 2016 |

Appeal from the Judgment of Sentence Entered January 21, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005228-2015

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and MOULTON, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 26, 2017**

Appellant, Devonte Paul Johnson, appeals from the judgment of sentence of 2 to 5 years' incarceration, imposed after he was convicted of carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1), persons not to possess a firearm, 18 Pa.C.S. § 6105(a)(1), and providing false identification to law enforcement, 18 Pa.C.S. § 4914(a). Appellant challenges the trial court's denial of his pretrial motion to suppress evidence, as well as the legality of his sentence. After careful review, we conclude that the court did not err in denying Appellant's motion to suppress, but we agree with Appellant that his sentence is illegal. Accordingly, we vacate his judgment of sentence and remand for resentencing.

Briefly, Appellant was arrested and charged with the above-stated crimes after he was patted-down during the course of a traffic stop, and he

was discovered to be in possession of a firearm. Prior to trial, Appellant filed a motion to suppress the gun, arguing that the officer who conducted the pat-down lacked reasonable suspicion that Appellant was armed and dangerous. Following a suppression hearing, the court denied Appellant's motion, and his case immediately proceeded to a non-jury trial. At the conclusion thereof, Appellant was convicted of the two firearm offenses stated, *supra*, as well as providing false identification to law enforcement. On January 21, 2016, Appellant was sentenced to an aggregate term of 2 to 5 years' incarceration.

Appellant filed a timely post-sentence motion, which the court denied. He then filed a timely notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents two issues for our review:

> I. Whether the trial court erred in not granting [Appellant's] motion to suppress because even though the trial court found that Officer Reiche patted down [Appellant] for officer safety, the record manifestly established that he did not have reasonable suspicion, based on specific and articulable facts, to believe that [Appellant] was presently armed and dangerous?
>
> II. Whether the trial court imposed an illegal sentence when it failed to determine, at the time of sentencing, whether [Appellant] is an eligible offender under the Recidivism Risk Reduction Incentive Act [("RRRI Act"), 61 Pa.C.S. §§ 4501-4512], thereby violating 61 Pa.C.S.[] § 4505(a)?

Appellant's Brief at 5.

Regarding Appellant's first issue, we begin by noting that,

[i]n reviewing an order from a suppression court, we consider the Commonwealth's evidence, and only so much of the defendant's evidence as remains uncontradicted. We accept the suppression court's factual findings which are supported by the evidence and reverse only when the court draws erroneous conclusions from those facts.

*Commonwealth v. Hoopes*, 722 A.2d 172, 174-75 (Pa. Super. 1998).

In this case, Appellant challenges the legality of the pat-down of his person.

It is well settled that an officer may pat-down an individual whose suspicious behavior he is investigating on the basis of a reasonable belief that the individual is presently armed and dangerous to the officer or others. *Commonwealth v. E.M.,* 558 Pa. 16, 735 A.2d 654, 661 (1999), *citing Terry v. Ohio,* 392 U.S. 1, 24, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To validate a *Terry* frisk, the police officer must be able to articulate specific facts from which he reasonably inferred that the individual was armed and dangerous. *Commonwealth v. Preacher*, 827 A.2d 1235, 1239 (Pa. Super. 2003) (citations omitted). In determining whether a *Terry* frisk was supported by a sufficient articulable basis, we examine the totality of the circumstances.

*Commonwealth v. Gray*, 896 A.2d 601, 605–06 (Pa. Super. 2006) (footnote and one citation omitted).

Here, we summarize the evidence presented at the suppression hearing as follows. The Commonwealth first called to the stand North Versailles Police Officer Michael Sharp. Officer Sharp testified that on April 16, 2015, at approximately 10:50 a.m., he conducted a traffic stop of a vehicle after learning, by running the vehicle's registration plate through dispatch, that the vehicle's insurance had been canceled. N.T., 11/2/15, at 4. When the officer stopped the vehicle and approached the driver's side

door, he observed that there were four individuals in the car, one of whom was Appellant. *Id.* at 6. Appellant was located in the "right rear" of the car. *Id.* at 7. As the officer began speaking to the driver, he "noticed the smell of marijuana coming from inside the vehicle." *Id.* at 5. The driver also informed the officer that his license was suspended. *Id.* Officer Sharp asked each occupant of the vehicle for identification, which they all provided. *Id.* at 6. Officer Sharp then "ran all four of them through the NCIC system" and "three returned good and valid information." *Id.* However, the officer stated that the "information that [Appellant] had given [the officer] … did not return any individual." *Id.* At that point, Officer Sharp called for back-up. *Id.* at 7.

One of the two other officers who arrived to assist Officer Sharp was North Versailles Police Officer David Reiche. When Officer Reiche arrived at the scene, Officer Sharp informed him that he had smelled an odor of marijuana emanating from the car, and that Appellant had provided false identification. *Id.* at 12-13. The officers determined that they were going to remove the individuals from the vehicle one at a time, beginning with Appellant, as he was the only individual they could not identify. *Id.* at 7, 11. Officer Reiche testified that he approached the rear passenger side of the vehicle where Appellant was seated. *Id.* at 13. Before directing Appellant to exit the vehicle, he "advised [Appellant] to keep his hands in place," and he told Appellant "to put his hands on the vehicle" after exiting. *Id.* at 14. The officer testified that, "[a]s [Appellant] exited, he made a motion with his

- 4 -

hand towards his waistband." *Id.* Officer Reiche stated that he believed Appellant could have been reaching for "anything," including "something that could harm [someone], drugs or other contraband." *Id.* at 15. As such, the officer "grabbed [Appellant's] wrist and redirected it to the right rear trunk of the vehicle and began [a] pat down of [Appellant]." *Id.* When feeling the "center" of Appellant's waistband, "where [Appellant's] hand was going initially[,]" the officer felt an object that he immediately recognized as a firearm. *Id.* at 15, 16. The firearm was seized and Appellant was arrested. *Id.* at 16.

Based on this evidence, the trial court concluded that the pat-down of Appellant's person was lawful. The court noted that "[t]he car was lawfully stopped[,]" and that Officer Sharp "smelled marijuana…." *Id.* at 23. The court also stressed that when Appellant was exiting the vehicle, "[h]e gestured toward his waistband" and, therefore, "[t]he officer … patted him down for officers' safety." *Id.* at 24. Accordingly, the court denied Appellant's motion to suppress the gun. *Id.*

Now, on appeal, Appellant contends that the trial court erred, arguing that Officer Reiche failed to provide specific and articulable facts to demonstrate that he had a reasonable suspicion that Appellant was armed and dangerous. In support of this argument, Appellant largely focuses on what circumstances were **not** present in this case, such as the fact that the officers were not responding to a crime in progress, there was no tip linking Appellant to possession of a gun, and Officer Reiche did not observe "a bulge

or something heavy along [Appellant's] waistband...." Appellant's Brief at 13-14.

Notably, Appellant offers little discussion about the circumstances that **were known** to Officer Reiche. For instance, Appellant wholly ignores that Officer Reiche knew that Officer Sharp had smelled an odor of marijuana emanating from the vehicle, and that Appellant had provided a false name to Officer Sharp. The only fact in this case that Appellant spends any significant time discussing is the movement of his hand toward his waistband. Appellant attempts to downplay the import of this hand gesture by claiming that it "only lasted a second or two," and stressing that Officer Reiche testified that Appellant's hand never actually touched his waistband. Appellant's Brief at 20.

We do not agree with Appellant that either of these facts diminish the significance of his hand movement in our assessment of whether Officer Reiche reasonably suspected Appellant was armed and dangerous. Officer Reiche explicitly directed Appellant **not** to move his hands as he exited the vehicle. Appellant ignored that directive and began reaching toward his waistband, at which point Officer Reiche grabbed Appellant's wrist and secured his hands by placing them on the rear of the vehicle. Appellant's hand movement toward his waistband was brief and incomplete because of the officer's quick decision to secure Appellant's hand. Considering the totality of the facts known to the officer at the moment he saw Appellant reaching for his waistband - *i.e.*, the smell of marijuana in the car,

Appellant's providing false identification, and Appellant's disregarding the officer's direction not to move his hands - we conclude that it was reasonable for the officer to suspect that Appellant could be reaching for a weapon.[1]

We are also unpersuaded by Appellant's claim that the pat-down was not justified because he "was ***completely compliant*** when he was subsequently ordered to put his hands on the vehicle."  Appellant's Brief at 20.  As stated, *supra*, Officer Reiche testified that he directed Appellant **not to move his hands** as he exited the vehicle.  N.T. at 14.  Appellant ignored that request and moved his hand toward his waistband, which resulted in Officer Reiche's "grabb[ing] his wrist and redirect[ing] it to the right rear trunk of the vehicle…."  **Id.**  Contrary to Appellant's claim, this testimony indicates that Appellant did not comply **prior to** the pat-down, thus

_____

[1] We also conclude that the totality of these facts make Appellant's case distinguishable from the decisions on which he primarily relies.  **See In Interest of S.J.**, 713 A.2d 45 (Pa. 1998) (concluding there was no reasonable suspicion to warrant a **Terry** frisk where the officer saw S.J. standing in a high crime area with a group of people, and the officer smelled marijuana); **Commonwealth v. Cooper**, 994 A.2d 589 (Pa. Super. 2010) (finding no reasonable suspicion to conduct a pat-down where Cooper, who was standing next to a dumpster when police approached, moved his hand toward his pocket but immediately stopped moving when so directed by the officers); and **Commonwealth v. Myers**, 728 A.2d 960 (Pa. Super. 1999) (concluding there was no reasonable suspicion to justify pat-down where officers saw Myers briefly enter a house known for drug trafficking, exit holding something in his closed hand, get into his car and drive away). None of these cases involves facts that are significantly similar to the totality of the circumstances surrounding Officer Reiche's pat-down of Appellant.

bolstering Officer Reiche's reasonable suspicion that Appellant might be armed and dangerous. While we recognize that Officer Reiche testified that Appellant was compliant *during* the pat-down, *id.*, that fact is irrelevant to our analysis of whether Officer Reiche possessed reasonable suspicion to *initiate* the *Terry* frisk.

Finally, we reject Appellant's argument that Officer Reiche lacked reasonable suspicion because the officer testified that: (1) Appellant (and the other three occupants of the vehicle) were all going to be removed from the car and patted down, regardless of Appellant's hand gesture, *see* N.T. at 15-16, and (2) when he saw Appellant reach toward his waistband, the officer believed Appellant could have been reaching for "drugs or other contraband[,]" *id.* at 15. Notably, this Court has emphasized that,

> reasonable suspicion is based upon an *objective standard*, *not subjective intent*. As the United States Supreme Court noted in *Maryland v. Macon,* 472 U.S. 463, 470–471, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985), "Whether a Fourth Amendment violation has occurred 'turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time,' *Scott v. United States,* 436 U.S. 128, 136, 98 S.Ct. 1717, 1722, 56 L.Ed.2d 168 (1978), and not on the officer's actual state of mind at the time the challenged action was taken. *Id.* at 138, 139, n. 13, 98 S.Ct. at 1724, n. 13."

*Commonwealth v. Foglia*, 979 A.2d 357, 361 (Pa. Super. 2009) (emphasis added). In light of this law, we conclude that what Officer Reiche subjectively believed at the time he decided to pat-down Appellant is not

relevant to our objective analysis of whether the *Terry* frisk was supported by reasonable suspicion.[2]

In sum, Appellant's arguments do not convince us that the trial court erred by concluding that Officer Reiche possessed reasonable suspicion that Appellant might be armed and dangerous to justify the pat-down of Appellant's person.  Therefore, the court properly denied Appellant's motion to suppress the gun.

Next, we address Appellant's claim that his sentence is illegal because the court failed to determine his eligibility under the RRRI Act.[3]  Appellant stresses that under the section 4505 of the RRRI Act, the sentencing court is

_____

[2] Nevertheless, we also point out that Appellant mischaracterizes Officer Reiche's testimony by suggesting that the officer patted him down **only** because the officer believed "drugs or other contraband" might be found on Appellant's person.  Appellant's Brief at 21 (quoting N.T. at 15).  As stated, *supra*, when asked what he believed Appellant might be reaching for when he gestured toward his waist, Officer Reiche's **full** response was as follows: "At that point, anything, **something that could harm you**, drugs or other contraband."  N.T. at 15.  Thus, the officer's testimony demonstrates that he believed Appellant could have been reaching for a weapon, among other things.

[3] Appellant admits that he failed to raise this claim below.  **See** Appellant's Brief at 5 n.1.  However, we agree with him that his RRRI Act claim is not waivable because it implicates the legality of his sentence.  **See Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010) (concluding that a claim that "the trial court fail[ed] to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required" constitutes "a non-waivable challenge to the legality of [his] sentence"); **Commonwealth v. Foster**, 960 A.2d 160, 163 (Pa. Super. 2008) ("[C]laims pertaining to the legality of sentence are non-waivable, may be leveled for the first time on appeal, and our jurisdiction need not be invoked in a Pa.R.A.P. 2119(f) statement.") (citation omitted).

required to "make a determination whether the defendant is an eligible offender." 61 Pa.C.S. § 4505(a). Here, Appellant maintains, and the Commonwealth concedes, that the court failed to make a determination regarding Appellant's RRRI eligibility. *See* Appellant's Brief at 29; Commonwealth's Brief at 20. Our review of the record confirms the parties' assertions. Consequently, Appellant's sentence is illegal, and we must vacate his sentence and remand for resentencing. *See Robinson*, 7 A.3d at 871 ("[W]here the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal.").

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/2017

- 10 -