J-S66010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMAR THOMPKINS, | |
| Appellant | No. 1857 WDA 2014 |

Appeal from the Judgment of Sentence of August 19, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0014292-2013

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 19, 2015**

Appellant, Lamar Thompkins, appeals from the judgment of sentence entered on August 19, 2014 following his guilty pleas to carrying a firearm without a license, persons not to possess a firearm, possession of marijuana, driving while operating license is suspended or revoked, failing to drive on the right side of the road, improper stop, and required financial responsibility.[1]  Upon review, we vacate Appellant's judgment of sentence and remand for additional proceedings.

We briefly summarize the facts and procedural history of this case as follows.  On June 3, 2014, Appellant pled guilty to the aforementioned

_____

[1] 18 Pa.C.S.A. § 6105(a), 18 Pa.C.S.A. § 6106(a), 35 P.S. §780-113(a)(31), 75 Pa.C.S.A. § 1543(a), 75 Pa.C.S.A. § 3301(a), 75 Pa.C.S.A. § 3351, and 75 Pa.C.S.A. § 1786(f), respectively.

*Retired Senior Judge assigned to the Superior Court.

charges. On August 19, 2014, the trial court sentenced Appellant to an aggregate term of five to 10 years of imprisonment. Appellant filed a permissive *nunc pro tunc* post-sentence motion that the trial court denied on October 16, 2014. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues for our review:

> I. Whether the trial court imposed an illegal sentence when it failed to determine, at the time of sentencing, whether [Appellant] is an eligible offender under the Recidivism Risk Reduction Incentive [(RRRI)] Act, thereby violating 61 Pa.C.S.A. § 4505(a)?
>
> II. Whether the trial court abused its sentencing discretion when it failed to consider relevant and required sentencing criteria, including the character, personal history, and rehabilitative needs of [Appellant], thereby violating 42 Pa.C.S.A. § 9721(b)?

Appellant's Brief at 6.

In his first issue presented, Appellant avers:

> [Appellant's] sentence is illegal. In Pennsylvania, the trial court is statutorily required to determine, at the time of sentencing, whether the defendant is an eligible offender under the RRRI Act. In the instant case, however, the trial court failed to make that mandatory determination. When no statutory authorization exists for a particular sentence, it is illegal, and an illegal sentence cannot be allowed to stand. Accordingly, [Appellant's] sentence must be

---

[2] Appellant filed a notice of appeal on November 12, 2014. On November 21, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on May 20, 2015.

vacated, and the matter must be remanded for a new sentencing hearing.

*Id.* at 17. The Commonwealth concedes the issue, stating it "is constrained to agree with Appellant that his case should be remanded for resentencing." Commonwealth's Brief at 7.

We agree. Our decision in ***Commonwealth v. Robinson***, 7 A.3d 868 (Pa. Super. 2010) is controlling. In ***Robinson***, this Court examined the following language of the RRRI Act:

> **(b.1) Recidivism risk reduction incentive minimum sentence.**—The court **shall** determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court **shall** impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S.A. § 9756(b.1) (emphasis added). The ***Robinson*** Court determined that because the legislature implemented the term "shall," it statutorily mandated trial courts to determine whether a defendant meets the RRRI eligibility requirements. If the trial court determines a defendant meets those requirements, it **must** impose a RRRI minimum. "Accordingly, where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." ***Robinson*** at 871.

Here, the trial court admits, "it did not make a specific finding" regarding Appellant's RRRI eligibility. Trial Court Opinion, 5/20/2015, at 3. However, the trial court determined that Appellant's sentence was legal because "it was clear he was not eligible for a reduced sentence." *Id.* More specifically, "[a]t the sentencing hearing, [the trial court] noted [Appellant's] extensive criminal history and offenses including aggravated assault, drug and gun charges, criminal mischief, etc., all of which disqualified him from eligibility [under] the RRRI [Act]. *Id.* at 2-3.

The fact remains that the trial court is statutorily mandated to make a determination regarding RRRI Act eligibility and it did not. Accordingly, we are constrained to vacate Appellant's judgment of sentence and remand this matter for a determination of whether Appellant is RRRI eligible pursuant to 61 Pa.C.S.A. § 4503.

Appellant's second issue challenges the discretionary aspects of his sentence. Appellant's Brief at 22-33. However, having already determined Appellant is entitled to relief because his sentence is illegal, this issue is moot.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

- 4 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/19/2015</u>