J-S60035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS OQUENDO, | : | |
| | : | |
| Appellant | : | No. 3318 EDA 2015 |

Appeal from the Judgment of Sentence October 5, 2015,
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0000369-2015

BEFORE:  SHOGAN, OTT, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:**FILED SEPTEMBER 30, 2016**

Luis Oquendo (Appellant) appeals from the judgment of sentence of October 5, 2015, which imposed an aggregate sentence of 57 months to 15 years of imprisonment, in accordance with the plea agreement negotiated by the parties. Because the trial court erred by failing to make a determination as to Appellant's eligibility for a Recidivism Risk Reduction Incentive (RRRI) sentence under 61 Pa.C.S. §§ 4501-4512, we vacate Appellant's sentence and remand for further proceedings.

On August 31, 2015, Appellant entered into a negotiated guilty plea to multiple counts of possession of a controlled substance with the intent to deliver, as well as one charge of criminal conspiracy.  As part of the negotiated agreement, the Commonwealth agreed to a minimum sentence

_____

* Retired Senior Judge assigned to the Superior Court.

not to exceed the midpoint of Appellant's standard-range sentencing guidelines. The trial court imposed the sentence as negotiated; however, it failed to make a determination of whether Appellant was RRRI eligible.

Appellant timely filed a motion to reconsider wherein he requested the trial court make a determination as to Appellant's RRRI eligibility. The court declined to do so, explaining that "the statute that [Appellant] cites with regard to [mandatory minimum sentences] excluding a defendant from RRRI eligibility is no longer in effect. It remains unclear to this [c]ourt how those cases that previously would have excluded a defendant from RRRI eligibility are now being treated." Order, 10/9/2015, at 1 n.1. The court then noted that "if the state correctional institution believes that [Appellant] is RRRI eligible, the [c]ourt will be contacted and act appropriately at that time." *Id.* Appellant now asks us to consider this reasoning on appeal.

Our legislature has made clear that it is the trial court's responsibility to determine whether a defendant is RRRI eligible. *See* 42 Pa.C.S. § 9756 (b.1) ("[At the time of sentencing t]he court **shall** determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive)"); 61 Pa.C.S. § 4505 (a) ("At the time of sentencing, the court **shall** make a determination whether the defendant is an eligible offender.") (emphasis added). "Where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum

sentence as required, the sentence is illegal." **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010).

Accordingly, because the trial court herein failed to consider Appellant's eligibility for an RRRI sentence, the sentence imposed is illegal.[1] Thus, we vacate the judgment of sentence and remand this matter for a determination of whether Appellant is RRRI eligible and, if deemed eligible, resentencing with consideration of 61 Pa.C.S. § 4505(c).[2]

Judgment of sentence vacated. Case remanded for further proceedings consistent with this order. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2016

---

[1] We note that "the imposition of a negotiated sentence does not conflict with the statutory scheme of the RRRI sentencing process and does not disqualify a defendant from eligibility under the RRRI statute." **Robinson**, 7 A.3d at 875.

[2] In its brief, the Commonwealth concedes that Appellant's sentence is illegal and agrees that this matter must be remanded for resentencing following the court's determination of Appellant's RRRI eligibility. Commonwealth's Brief at 6-7.