J-S24017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER DICKINSON | |
| Appellant | No. 959 WDA 2016 |

Appeal from the Judgment of Sentence Entered February 29, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0008066-2015, CP-02-CR-0010547-2015

BEFORE:  PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STABILE, J.:                    **FILED JUNE 8, 2017**

Appellant, Christopher Dickinson, appeals from the February 29, 2016 judgment of sentence imposing an aggregate 36 to 72 months of incarceration followed by three years of probation.  We vacate and remand for a new sentencing hearing.

On December 14, 2015, Appellant pled guilty to two counts of robbery and one count each of simple assault, recklessly endangering another person, resisting arrest, and flight to avoid apprehension.[1]  At the February 29, 2016 sentencing hearing, the trial court neglected to determine whether

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 3701, 2701, 2705, 5104, and 5126, respectively.

Appellant was eligible for a Recidivism Risk Reduction Incentive ("RRRI") sentence. Statutory law requires the trial court to make that determination. 42 Pa.C.S.A. § 9756(b.1); 61 Pa.C.S.A. § 4505(a). "[W]here the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." **Commonwealth v. Robinson**, 7 A.3d 868, 870 (Pa. Super. 2014). The Commonwealth concedes this point.[2] Commonwealth's Brief at 6. We therefore vacate the judgment of sentence and remand for a new sentencing hearing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2017

---

[2] The trial court did not address this issue because Appellant raises it for the first time on appeal. We will not deem the issue waived, because it implicates the legality of Appellant's sentence. **Commonwealth v. Tobin**, 89 A.3d 663, 669-70 (Pa. Super. 2014).