J-S60001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE WILSON, | |
| Appellant | No. 1593 WDA 2016 |

Appeal from the Judgment of Sentence September 20, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016349-2009

BEFORE:  OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 15, 2017**

Appellant, Tyrone Wilson, appeals from the judgment of sentence entered on September 20, 2016 in the Criminal Division of the Court of Common Pleas of Allegheny County following the revocation of his probation and the imposition of a sentence of total confinement.  Upon review, we vacate Appellant's judgment of sentence and remand this matter for resentencing.

The relevant procedural and historical facts are as follows.  On August 10, 2010, a jury convicted Appellant of one count of delivery of a controlled substance ("delivery"), 35 P.S. § 780-113(a)(30), one count of possession of a controlled substance with intent to deliver ("PWID"), 35 P.S. § 780-113(a)(30), and one count of possession of a controlled substance ("simple possession"), 35 P.S. § 780-113(a)(16).  Thereafter, on October

*Former Justice specially assigned to the Superior Court.

20, 2010, the trial court sentenced Appellant on the delivery charge to two to four years' incarceration, followed consecutively by three years of probation. No further penalty was imposed on the remaining charges.

At the conclusion of a hearing on September 20, 2016, the trial court determined that Appellant violated the conditions of his probation and resentenced him to a period of incarceration of two to six years in state prison. The court offered the following explanation for revoking Appellant's probation and imposing a sentence of total confinement:

> Appellant violated his probation with two new convictions in Beaver County. [N.T. Violation of Probation ("VOP") Hearing, 9/20/16, at 3.] He also had numerous technical violations. He was in absconder status during the time he was arrested on [the two Beaver County] cases. *Id*. Prior to his arrest, he had been hospitalized and told his parole agent that it was for a bowel obstruction when, in fact, it was for a gunshot wound. *Id*. He was shot a second time in August 2013 and placed on an ankle bracelet. He violated curfew several times. *Id*. He pulled the fire alarm and ran from the Pavilion drug treatment center on July 24, 2014. *Id*. at 4. He was recommitted and reparoled on March 15, 2015. *Id*. He then had reporting problems, curfew violations and positive urine screens. *Id*. After October 20, 2015, he stopped reporting entirely. *Id*. Contrary to Appellant's assertion, [the trial court] considered Appellant's character and background and determined that Appellant is a drug dealer who refuses to comply with the reasonable rules of society, specifically as they pertain to the possession and selling of illegal substances. Thus, [the trial court] did not err in its sentence of Appellant.

Trial Court Opinion, 2/6/17, at 6.

On September 30, 2016, Appellant timely filed a post-sentence motion that challenged the discretionary aspects of his revocation sentence. The trial court, however, denied relief on October 6, 2016. A timely notice of

appeal followed on October 20, 2016. Pursuant to Pa.R.A.P. 1925(b), the court, on October 21, 2016, directed Appellant to file a concise statement of errors complained of on appeal. Appellant timely complied on November 9, 2016 and the trial court issued its Rule 1925(a) opinion on February 6, 2017.

Appellant presents two issues for our review:

I.   In revoking [Appellant's] probation and resentencing him to [two-six] years' total state incarceration, whether the trial court abused its sentencing discretion when it failed to consider the rehabilitative needs, nature, and character of [Appellant], in violation of 42 Pa.C.S.A. § 9721(b)?

II.  Whether the trial court imposed an illegal revocation sentence when it failed to determine, at the time of sentencing, whether [Appellant] was an eligible offender under the Recidivism Risk Reduction Incentive Act, thereby violating 61 Pa.C.S.A. § 4505(a)?

Appellant's Brief at 5.

We begin by addressing Appellant's second issue in which he contends that his sentence is illegal because the trial court did not determine whether he is eligible for the Recidivism Risk Reduction Incentive ("RRRI") program, 61 Pa.C.S.A. § 4501 *et seq.*, at the time of sentencing. Although Appellant did not include this claim in his concise statement, our prior cases make clear that the failure to make an RRRI eligibility assessment at the time of sentencing implicates the legality of a sentence, which constitutes a non-waivable issue. **See** 61 Pa.C.S.A. § 4505(a) (court shall determine at

sentencing whether defendant is eligible for inclusion in RRRI program); **see also** 42 Pa.C.S.A. § 9756 (court shall determine if defendant is eligible for RRRI minimum sentence); **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010) (claim alleging that trial court failed to make statutorily required determination regarding defendant's eligibility for RRRI minimum sentence presents non-waivable challenge to legality of sentence). We may therefore reach the merits of Appellant's second claim despite its omission from his concise statement.

It is undisputed in this case that the trial court did not consider Appellant's eligibility for an RRRI minimum sentence. **See** Commonwealth's Brief at 7 (conceding that failure to make RRRI eligibility determination rendered Appellant's sentence illegal). In such instances, the proper remedy is to vacate the judgment of sentence and remand the case for a determination of whether Appellant is RRRI eligible. **See Robinson,** 7 A.3d at 875. Because we are vacating Appellant's sentence and remanding this case for a determination of Appellant's eligibility for admission into the RRRI program, we need not consider Appellant's opening claim that his sentence was manifestly excessive.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/15/2017</u>