J-S49017-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA

v.

ADAM ROBERT PITZER

Appellant | No. 1590 WDA 2016

Appeal from the Judgment of Sentence Dated September 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006295-2008

BEFORE: DUBOW, J., SOLANO, J., and FITZGERALD, J.*

JUDGMENT ORDER BY SOLANO, J.:           FILED:  SEPTEMBER 29, 2017

Appellant Adam Robert Pitzer appeals from the judgment of sentence entered by the Allegheny County Court of Common Pleas following his probation revocation hearing.  We vacate the judgment of sentence and remand for resentencing as set forth below.

On October 20, 2009, Appellant was convicted of aggravated indecent assault of a complainant less than thirteen years old, indecent assault of a person less than thirteen years old, endangering the welfare of children, and corruption of minors.[1]  On April 28, 2010, Appellant was sentenced to 36-72 months' confinement, followed by four years' probation.  On September 19,

_____

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3425(a)(7), 3126(a)(7), 4303(a)(1), and 6301(a)(1), respectively.

2016, Appellant was found in violation of his probation and resentenced to 18-60 months' confinement, followed by five years' probation.

Appellant appealed and now raises two issues:

I.      Whether [Appellant]'s revocation sentence is illegal when the trial court failed to determine, at the time of sentencing, whether he is an eligible offender under the Recidivism Risk Reduction Incentive ("RRRI") Act[2], thereby violating 61 Pa.C.S.A. § 4505(a)?

II.     Whether [Appellant]'s revocation sentence is illegal when the sum and substance of the incarceration portion now exceeds the maximum sentence allowable by law?

Appellant's Brief at 5 (footnote and suggested answers omitted).

Appellant first contends that "the trial court failed to determine, at the time of sentencing, whether [Appellant] is an eligible offender under the RRRI Act, thereby violating 61 Pa.C.S.A. § 4505(a)." Appellant's Brief at 14. For this reason, Appellant argues that his "revocation sentence is illegal." Id. Appellant did not preserve this issue in his Rule 1925(b) statement,[3] but because this challenge raises an issue relating to the legality of his sentence, it presents a non-waivable claim. Commonwealth v. Tobin, 89 A.3d 663, 669 (Pa. Super. 2014).

Section 4505(a) provides, "At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender [under

_____

[2] 61 Pa.C.S. §§ 4501-4512.

[3] As this issue was not included in Appellant's concise statement, the trial court did not address it in its opinion.

the RRRI Act]."[4]   The Commonwealth agrees that the trial court failed to comply with this provision, stating:   "Because the court below failed to make a determination of Appellant's eligibility under the [RRRI] program, the case should be remanded for resentencing."   Commonwealth's Brief at 10.

In Commonwealth v. Robinson, 7 A.3d 868, 871 (Pa. Super. 2010), we explained:

> [O]ur legislature amended [42 Pa.C.S. §] 9756 to include a provision requiring sentencing courts to determine if a defendant is eligible for an RRRI minimum sentence.[2]   Accordingly, where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal.
>
> > [2] The Sentencing Code was amended . . . to include the following section requiring RRRI eligibility determinations:
> >
> > > (b.1)   Recidivism   risk   reduction   incentive minimum sentence.—The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive).   If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence . . . .
> >
> > 42 Pa.C.S.A. § 9756(b.1) (emphasis added).

_____

[4] An "eligible offender" is a defendant who "[d]oes not demonstrate a history of present or past violent behavior," has not been convicted on any of a list of crimes or of specified types of crimes set forth in the statute, and is "not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition."   61 Pa.C.S. § 4503 (footnotes omitted).

As the Commonwealth concedes, the record discloses that the trial court did not determine whether Appellant was eligible for a RRRI sentence. See generally N.T., 9/19/16. Therefore, we vacate the judgment of sentence and remand for resentencing. At that time, the trial court shall determine if Appellant is eligible for a RRRI minimum sentence. We need not resolve Appellant's second issue, which also challenges the legality of his current sentence.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2017