J-S10043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN L. TRUSTY | : | |
| | : | No. 2220 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence June 1, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001394-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN L. TRUSTY | : | |
| | : | No. 2222 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence June 1, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001395-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN L. TRUSTY | : | |
| | : | No. 2223 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence June 1, 2017

In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001396-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN L. TRUSTY | : | |
| | : | No. 2224 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence June 1, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001397-2017

BEFORE: BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED MARCH 13, 2018**

Appellant Kevin L. Trusty appeals from the judgments of sentence entered following his negotiated guilty plea to burglary-overnight accommodation, no person present[1] in four separate matters.[2] Appellant asserts that the trial court erred by failing to properly consider his eligibility for a Recidivism Risk Reduction Incentive (RRRI)[3] sentence. We affirm.

In February 2017, Appellant confessed to having committed multiple burglaries in Delaware County, in which he would shatter the glass of windows

---

[1] 18 Pa.C.S. § 3502(a)(2).

[2] By an order dated August 17, 2017, the appeals in each matter were consolidated. *See* Pa.R.A.P. 513.

[3] 61 Pa.C.S. §§ 4501-4512.

- 2 -

or doors of homes, proceed to the bedrooms, and remove jewelry and cash. On June 1, 2017, Appellant entered a negotiated guilty plea in each of the four matters, regarding seven different incidents. The same day, the court sentenced Appellant in accordance with the plea agreement to an aggregate sentence of twenty to fifty years' incarceration without eligibility for RRRI.

Appellant filed a timely notice of appeal and timely court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.

Appellant raises the following issue for our review:

> The trial court committed non-waivable error when it illegally sentenced [Appellant] to a minimum of twenty years and maximum of fifty years['] incarceration, without properly considering eligibility for the Recidivism Risk Reduction Incentive[.]

Appellant's Brief at 9.

Appellant's issue raised on appeal implicates the legality of his sentence. *See Commonwealth v. Robinson*, 7 A.3d 868, 871 (Pa. Super. 2010) (indicating that when "the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal"). Accordingly, it is a non-waivable issue. *Id.* Because RRRI eligibility "concerns a matter of statutory interpretation and is, thus, a pure question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Chester*, 101 A.3d 56, 60 (Pa. 2014) (citation omitted).

Appellant argues that the trial court failed to properly analyze whether he was eligible for an RRRI sentence. In support of this argument, Appellant relies upon the decision in *Robinson*.

In *Robinson*, the trial court determined that merely because the defendant agreed to a negotiated plea, she was ineligible for an RRRI sentence. *Robinson*, 7 A.3d at 873. On this basis, the trial court in *Robinson* did not specify an RRRI sentence. *Id.* This Court vacated the judgment of sentence and remanded to have the trial court consider whether the defendant was eligible for RRRI. *Id.* at 875.

*Robinson* is inapposite to Appellant's case. Instantly, the trial court specifically found that Appellant was not entitled to an RRRI sentence because of the type of crime he committed. *See Chester*, 101 A.3d at 64-65 (holding that a conviction for first-degree burglary is "violent behavior" for purposes of RRRI). Thus, *Robinson* does not warrant relief.

Appellant also claims that pursuant to *Commonwealth v. Cullen-Doyle*, 164 A.3d 1239 (Pa. 2017), he is not barred from RRRI participation. Appellant argues that he has "no predicate history of violent behavior," since "[i]t was the burglary spree [for which he pled guilty] that the [t]rial [c]ourt opinion relies on to disqualify him." Appellant's Brief at 15.

In *Cullen-Doyle*, our Supreme Court held that a single conviction for first-degree burglary, by itself, did not disqualify the defendant from RRRI eligibility. *See Cullen-Doyle*, 164 A.3d at 1244. The Court found the RRRI statute's reference to a "'history of present or past violent behavior,' 61

Pa.C.S. § 4503, to be materially ambiguous . . . ." *Id.* at 1242. In interpreting this phrase, the Court determined that "it can be fairly inferred that in aiming to reduce recidivism, the Legislature sought to offer greater reform opportunities for first time offenders . . . ." *Id.* at 1243.

The Court further found that since the list of offenses disqualifying one from RRRI eligibility does not include burglary, this "suggests the Legislature did not intend for **all** crimes of violence to be disqualifying in and of themselves." *See Cullen-Doyle*, 164 A.3d at 1243-44. On this basis, the Court held that "the rule of lenity bolsters the conclusion that the **single**, present conviction for a violent crime does not constitute a history of violent behavior." *Id.* at 1244 (emphasis added).

*Cullen-Doyle* is distinguishable from the instant matter, however, and Appellant admits as much. *See* Appellant's Brief at 15 (conceding "[Appellant] doesn't come under *Cullen-Doyle* because of [his] multiple pleas"). Indeed, Appellant pled guilty to **multiple** first-degree burglaries. Accordingly, the sentencing court properly assessed that Appellant has an established "history of present or past violent behavior," which disqualifies him from eligibility for an RRRI sentence. 61 Pa.C.S. § 4503; *see Cullen-Doyle*, 164 A.3d at 1243. Having discerned no error of law, we affirm the judgments of sentence.

Judgments of sentence affirmed.

J-S10043-18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/18