J-S58009-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT ROBERT PERKINS | : | |
| | : | |
| Appellant | : | No. 1724 WDA 2017 |

Appeal from the Judgment of Sentence October 16, 2017
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0001055-2014

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY OLSON, J.:               FILED OCTOBER 09, 2018

Appellant, Scott Robert Perkins, appeals from the judgment of sentence entered on October 16, 2017, as made final by the denial of his post-sentence motion on November 2, 2017.  We vacate and remand for resentencing.

As our disposition of this appeal is based on the procedural posture of this case, we decline to set forth the factual background.  On October 16, 2017, the trial court sentenced Appellant to an aggregate term of two to four years' imprisonment after he was convicted of several drug-related offenses. Appellant filed a post-sentence motion which the trial court denied on November 2, 2017.   This timely appeal followed.[1]

Appellant presents one issue for our review:

_____

[1] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Whether the trial court erred by failing to determine Appellant's Recidivism Risk Reduction Incentive [("RRRI")] minimum sentence?

Appellant's Brief at 4.

Appellant argues that the trial court erred in failing to determine if he were eligible for an RRRI minimum sentence. The Sentencing Code provides that when sentencing a defendant the trial court "shall determine if the defendant is eligible for a [RRRI] minimum sentence[.]" 42 Pa.C.S.A. § 9756(b.1). A trial court's failure to make this determination renders a sentence illegal. Commonwealth v. Robinson, 7 A.3d 868, 871 (Pa. Super. 2010). Hence, as the trial court and Commonwealth concede, Appellant's sentence was illegal because the trial court failed to determine if Appellant were eligible for a RRRI sentence. We therefore vacate Appellant's judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2018

- 2 -