J-S03021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN HOYE | : | |
| | : | |
| | : | No. 201 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 6, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004077-2018

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 17, 2021**

Nathan Hoye (Appellant) appeals from the judgment of sentence imposed after he pled guilty to aggravated assault, assault by a prisoner, aggravated harassment by a prisoner, and recklessly endangering another person.[1]   Upon review, we agree with the trial court and the parties that Appellant's sentence is illegal because the court failed to determine Appellant's eligibility under the Recidivism Risk Reduction Incentive Act (RRRI), 61 Pa.C.S.A. §§ 4501-12.   Accordingly, we vacate Appellant's judgment of sentence and remand for resentencing.

Appellant's underlying convictions arose from an incident that occurred while he was an inmate at the Allegheny County Jail.   N.T., 5/6/19, at 7-8.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 2703(a), 2703.1, and 2705.

On January 24, 2018, Appellant, who is HIV-positive, threw his urine at a corrections officer. ***Id.*** at 8; ***see also*** Trial Court Opinion, 9/14/20, at 3. The urine struck the officer on his head and upper torso, causing the officer to require medical treatment. N.T., 5/6/19, at 8.

On May 6, 2019, Appellant appeared before the trial court and pled guilty to the above crimes. On August 6, 2019, the trial court sentenced Appellant to 80 to 160 months of incarceration.[2] Appellant filed a post-sentence motion on August 12, 2019. The motion was denied by operation of law on January 9, 2020.[3] Appellant filed this timely notice of appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents two issues for review:

> [1.] Did the [trial court] impose an illegal sentence by not determining on the record whether [Appellant] was eligible for an RRRI minimum sentence?

_____

[2] That same day, the trial court sentenced Appellant on a separate docket, CP-02-CR-9767-2017, to 25 to 50 months of incarceration, after Appellant pled guilty to five counts of terroristic threats that arose from him sending threatening letters to an Allegheny County Court of Common Pleas judge. ***See*** N.T., 5/6/19, at 8-9; N.T., 8/6/19, at 23. The trial court ordered the sentence at that docket to be served concurrently to Appellant's sentence in the instant case. ***See id.***

[3] While Appellant's post-sentence motion was pending, he submitted numerous *pro se* filings in both the trial court and this Court. As Appellant has been represented by counsel throughout the trial court and appellate proceedings, we issued an order on November 6, 2019, directing that all *pro se* filings by Appellant be redirected to counsel pursuant to ***Commonwealth v. Jette***, 23 A.2d 1032 (Pa. 2011).

[2.] Did the [trial court] abuse its discretion in sentencing [Appellant] to 80 to 160 months of incarceration?

Appellant's Brief at 3 (reordered for ease of disposition).

In his first issue, Appellant argues that his sentence is illegal because the trial court failed to make a determination, on the record, at sentencing, as to his RRRI eligibility. **See id.** at 22. In response, the Commonwealth concedes it "reviewed the transcript of the sentencing hearing and determined that the question of [A]ppellant's RRRI eligibility was not raised." Commonwealth Brief at 5. The Commonwealth "agrees with the [trial] court and [A]ppellant that the case must be remanded." **Id.**

Because RRRI eligibility "concerns a matter of statutory interpretation and is, thus, a pure question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Chester**, 101 A.3d 56, 60 (Pa. 2014) (citation omitted).

Section 9756(b.1) of the Sentencing Code provides that a trial court imposing sentence "shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45." **Id.**; **see also** 61 Pa.C.S.A. § 4505(a) ("At the time of sentencing, the court shall make a determination whether the defendant is an eligible defender."). We have explicitly held that "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010).

- 3 -

In its opinion, the trial court concludes:

In this case, there is no indication in the record that this [c]ourt determined whether [Appellant] was eligible for an RRRI minimum sentence. . . . As the transcript does not reflect that this [c]ourt made that determination, it would be proper for the matter to be remanded so that determination can be made on the record.

Trial Court Opinion, 9/14/20, at 6-7.

We agree. *See* N.T., 8/6/19, at 1-25. Accordingly, we vacate Appellant's judgment of sentence and remand for the trial court to make an on-the-record-determination as to Appellant's eligibility for RRRI.[4]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2021

---

[4] Our disposition renders Appellant's second issue moot.