J-S23021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RACQUEL DANIELS | : | |
| | : | |
| Appellant | : | No. 1725 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010305-2017

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED JULY 06, 2023**

Racquel Daniels appeals from the judgment of sentence imposed after he violated probation. The parties and the trial court agree that the case should be remanded to determine Daniels' eligibility for the Recidivism Risk Reduction Incentive (RRRI) program. After review, we vacate and remand.

In 2019, Daniels received a three-year probationary sentence following his guilty plea to possession with intent to deliver. 35 P.S. § 780-113(a)(30). While on probation, Daniels pled guilty to other crimes; this violated his probation. The trial court held a violation hearing and sentenced Daniels to five to ten years of imprisonment. The court did not determine if Daniels was RRRI eligible. Daniels moved for reconsideration, which the trial court denied.

Daniels timely appealed. He argues that his sentence is illegal because the trial court failed to find him RRRI eligible and failed to impose an RRRI minimum sentence. Daniels' Brief at 3–11.

The trial court acknowledges that Daniels' sentence is illegal because it did not determine his RRRI eligibility. Trial Court Opinion, 11/2/22, at 11–12. The Commonwealth agrees that remand is appropriate. Commonwealth's Brief at 5–6.

A challenge to the failure to order an RRRI minimum sentence implicates sentencing legality. *Commonwealth v. Finnecy*, 249 A.3d 903, 912 (Pa. Super. 2021). It is a question of law, for which we use a *de novo* standard of review and a plenary scope of review. *Commonwealth v. Perzel*, 291 A.3d 38, 45 (Pa. Super. 2023) (citation omitted).

In imposing a sentence, a court is required to determine if the defendant is eligible for RRRI. *Finnecy*, 249 A.3d at 912 (citing 42 Pa.C.S.A. § 9756(b.1)); *accord* 61 Pa.C.S.A. § 4505(a). This depends on whether the defendant meets the statutory definition of "eligible person." *Finnecy*, 249 A.3d at 913–14 (citing 61 Pa.C.S.A. § 4503). The failure to make this determination renders the sentence illegal. *See Commonwealth v. Robinson*, 7 A.3d 868, 874–75 (Pa. Super. 2010).

Here, the trial court did not determine whether Daniels is an "eligible person." 61 Pa.C.S.A. § 4503. Therefore, his sentence is illegal. *Robinson*, 7 A.3d at 875. Accordingly, we vacate Daniels' judgment of sentence and remand for the trial court to determine whether Daniels is RRRI eligible and, if he is eligible, to impose the RRRI minimum sentence. *Id.*

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* 7/6/2023