J-S22037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHASE SHOMO JOHNSON | : | |
| | : | |
| Appellant | : | No. 802 WDA 2022 |

Appeal from the Judgment of Sentence Entered May 23, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0013051-2019

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                          **FILED: JULY 14, 2023**

Chase Shomo Johnson (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count each of persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1), and firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1).  We agree with the parties that Appellant's sentence is illegal because the trial court failed to address Appellant's eligibility under the Recidivism Risk Reduction Incentive (RRRI) Act.[1]  Thus, we vacate the judgment of sentence and remand for resentencing.

Appellant's convictions arise from an incident that occurred on November 5, 2019, when Appellant fled in a vehicle from police and parole agents.  *See* N.T. (Plea Hearing), 5/23/22, at 10-12.  When police stopped the vehicle, they discovered Appellant with a loaded gun in plain view.  *Id.* at

_____

[1] 61 Pa.C.S.A. §§ 4501-4512.

11. Appellant was prohibited from possessing a firearm due to his prior convictions. *Id.* at 12.

On May 23, 2022, Appellant entered an open guilty plea. The trial court accepted Appellant's plea and immediately sentenced him to an aggregate 6 – 12 years in prison, followed by two years of probation. Appellant timely filed a post-sentence motion to modify sentence on June 2, 2022. The trial court denied Appellant's motion a week later. Appellant timely appealed.[2]

Appellant presents two questions for review:

I. Whether the sum and substance of [Appellant's] sentence is illegal where the Trial Court failed to determine, on the record at the time of sentencing, whether [Appellant] was eligible for a RRRI sentence, in violation of 61 Pa.C.S.A. § 4505(a)?

II. Whether the Trial Court abused its sentencing discretion by failing to apply all relevant sentencing criteria, including the protection of the public, the gravity of the offense, and [Appellant's] character and rehabilitative needs, as required by 42 Pa.C.S.A. § 9721(b)?

Appellant's Brief at 5 (footnote omitted).

Appellant claims, for the first time on appeal,[3] that the trial court imposed an illegal sentence because it never determined Appellant's RRRI

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[3] Appellant correctly states that although this is the first time that he raises this claim, it cannot be waived. Appellant's Brief at 5 n.1 (citing ***Commonwealth v. Dickson***, 918 A.2d 95, 99 (Pa. 2007) (if a claim "clearly implicates the legality of sentence, whether it was properly preserved below is of no moment, as a challenge to the legality of sentence cannot be
*(Footnote Continued Next Page)*

eligibility. *See id.* at 16-19; *see also id.* at 18 n.3 (correctly noting Appellant's "RRRI status was never addressed by the parties at the … guilty plea/sentencing hearing, nor was it addressed in the subsequently filed written sentencing order."). Appellant emphasizes that the RRRI Act mandates: "**At the time of sentencing**, the court **shall** make a determination whether the defendant is an eligible offender." *Id.* at 18 (quoting 61 Pa.C.S.A. § 4505(a) (Appellant's emphasis)). Appellant directs our attention to ***Commonwealth v. Robinson***, 7 A.3d 868, 871 (Pa. Super. 2010), holding that "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." Appellant's Brief at 18-19. Appellant asks that we vacate his illegal sentence and remand for resentencing. *Id.* at 19.

The Commonwealth agrees that "because there was no inquiry made into RRRI eligibility, there is a basis for remand of this case for resentencing." Commonwealth Brief at 9; *see also id.* at 7 (stating "neither the trial court, nor the prosecutor, nor defense counsel made inquiry regarding RRRI.").

"We apply a *de novo* standard of review and plenary scope of review to questions of legality of sentence." ***Commonwealth v. Risoldi***, 276 A.3d 279, 281 (Pa. Super. 2022). The Sentencing Code provides:

> The court **shall** determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61

---

waived.")); *see also* Commonwealth Brief at 7 (agreeing legality of sentence claims cannot be waived).

Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S.A. § 9756(b.1) (emphasis added). "This statute makes clear that sentencing courts are **required** to make an assessment as to an offender's eligibility for a sentence under the RRRI Act, and lack discretion to forego imposing one where an offender is eligible." ***Commonwealth v. Finnecy***, 249 A.3d 903, 912 (Pa. 2021) (emphasis added).

In sum, Appellant's sentence is illegal because the trial court failed to determine Appellant's RRRI eligibility. ***See id.***; ***Robinson***, ***supra***. Although the court may ultimately determine Appellant is not an "eligible offender," it is required to make that determination when it imposes a sentence. ***See*** 61 Pa.C.S.A. § 4505(a); 42 Pa.C.S.A. § 9756(b.1). Accordingly, we vacate Appellant's judgment of sentence and remand for the trial court to determine Appellant's RRRI eligibility.[4]

Judgment of sentence vacated. Case remanded for resentencing in accordance with this Memorandum. Jurisdiction relinquished.

---

[4] Our disposition renders Appellant's second issue moot.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/14/2023</u>