J-S16004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN LEWIS RUSH | |
| Appellant | No. 1808 WDA 2015 |

Appeal from the Judgment of Sentence October 20, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003932-2012

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED SEPTEMBER 25, 2017**

John Lewis Rush appeals from the October 20, 2015 judgment of sentence entered in the Allegheny County Court of Common Pleas following a probation violation hearing.  Because the trial court did not make an on-the-record determination of whether Rush was eligible for a recidivism risk reduction incentive ("RRRI") minimum sentence, we vacate and remand for resentencing.

On January 28, 2013, Rush pled guilty to statutory sexual assault, corruption of minors, and indecent exposure.[1]  The trial court sentenced him

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3122.1, 6301(a)(1)(ii), and 3127(a), respectively.

That same day, in a separate matter at CP-02-CR-0003942-2012, Rush pled guilty to simple assault, 18 Pa.C.S. § 2701(a)(1).  The trial court
*(Footnote Continued Next Page)*

to an aggregate term of one year less one day to two years less two days' incarceration and a concurrent period of three years' probation, with 321 days of credit for time served. Rush also was ordered to register under the Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.41, for 15 years.

Rush was later charged with and convicted of other offenses under docket number CP-02-CR-002090-2014. On October 20, 2015, the trial court held a probation violation hearing, and determined that Rush had violated his probation based on the new convictions and on technical violations of probation. As a result, the trial court revoked Rush's probation and sentenced him to one to three years' incarceration, consecutive to the sentence imposed at CP-02-CR-002090-2014.

On October 30, 2015, Rush filed a motion to modify sentence. The trial court did not rule on Rush's motion. On November 18, 2015, Rush timely filed a notice of appeal.[2]

Rush raises the following issues on appeal:

> I. Whether the trial court abused its sentencing discretion by ordering Mr. Rush's revocation sentence of 1-3 years incarceration to be served consecutively to his sentence of 14 years, 10 months-36 years, six months incarceration at

_(Footnote Continued)_ ───────────

sentenced Rush to 2 years' probation, consecutive to the sentences imposed in the instant case.

[2] Pursuant to Pennsylvania Rule of Criminal Procedure 708(E): "The filing of a motion to modify sentence will not toll the 30-day appeal period."

CC 201402090, particularly when the trial court failed to consider Mr. Rush's rehabilitative needs and other required sentencing factors pursuant to 42 Pa.C.S.A. § 9721(b), and it also considered impermissible factors in imposing sentence?

II. Whether Mr. Rush's revocation sentence is illegal when the trial court failed to determine, at the time of sentencing, whether he is an eligible offender under the [RRRI] Act, thereby violating 61 Pa.C.S.A. § 4505(a)?

Rush's Br. at 8 (footnotes and suggested answers omitted).

We first address Rush's claim that his sentence is illegal because the trial court failed to determine whether Rush was RRRI eligible, as it is dispositive of this appeal.

"The RRRI [statute] permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences." *Commonwealth v. Hansley*, 47 A.3d 1180, 1186 (Pa. 2012). The Sentencing Code provides:

> **(b.1) Recidivism risk reduction incentive minimum sentence.**--The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S. § 9756(b.1). *See* 61 Pa.C.S. §§ 4505(a) ("At the time of sentencing, the court shall make a determination whether the defendant is

an eligible offender."). The Prisons and Parole Code defines "eligible offender" as follows:

> **"Eligible offender."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:
>
> . . .
>
> (3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation. . . .

61 Pa.C.S. § 4503 (footnote omitted). "[W]here the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." *Commonwealth v. Robinson*, 7 A.3d 868, 871 (Pa.Super. 2010).[3] Because "[i]ssues relating to the legality of a sentence are questions of law[,] . . . our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa.Super. 2013).

---

[3] Although Rush did not raise this claim prior to appeal, because his claim raises a challenge to the legality of his sentence, it is non-waivable. *See Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa.Super. 2013).

Our review of the record reveals, as the Commonwealth concedes, **see** Cmwlth's Br. at 11, that the trial court failed to make a determination as to Rush's RRRI eligibility. Thus, we are constrained to vacate his judgment of sentence and remand for resentencing. We are mindful that Rush admits that his criminal record would make him ineligible for an RRRI minimum sentence, **see** Rush's Br. at 43; however, the law compels us to reach this result. **See, e.g., Robinson**, 7 A.3d at 871.[4] We also note that even where a court believes that the record adequately addresses a defendant's eligibility for an RRRI minimum sentence, an on-the-record determination of eligibility must occur, especially in light of the Commonwealth's ability to waive the eligibility requirements. **See** 61 Pa.C.S. § 4505(b).

In light of this disposition, we do not reach Rush's remaining issues on appeal, all of which involve claims that the trial court abused its discretion in sentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.[5]

---

[4] At the time of sentencing, a trial court is statutorily required to make a determination regarding a defendant's eligibility for an RRRI minimum sentence, and neither the Sentencing Code nor the RRRI statute exclude probation violators from consideration for such a sentence.

[5] While sympathetic to the judicial economy concerns raised in the concurring and dissenting statement, we believe that as long as **Robinson** is law in this Court, we do not have discretion to disregard its dictates. **But see Commonwealth v. Tobin**, 89 A.3d 663, 669 n.4 (Pa.Super. 2014)
*(Footnote Continued Next Page)*

Judge Ransom joins the memorandum.

Judge Platt files a Concurring/Dissenting Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2017

---

*(Footnote Continued)*

(questioning conclusion, pursuant to **Robinson**, that failure to make determination regarding RRRI eligibility implicates legality of sentence).