J-S33020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANWAR A. CAPERS | : | |
| | : | |
| Appellant | : | No. 4027 EDA 2017 |

Appeal from the PCRA Order November 15, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001159-2014

BEFORE: OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 25, 2018**

Anwar A. Capers appeals from the order entered in the Chester County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541-46. We conclude the PCRA court did not err in dismissing the petition, and affirm.

On September 8, 2014, Capers pled guilty to possession of a controlled substance with intent to deliver, 35 P.S. ¶ 780-113(a)(30). The trial court sentenced Capers to a negotiated sentence of two to five years' incarceration and two years' probation. The trial court found Capers was not eligible for the Recidivism Risk Reduction Incentive ("RRRI") Program. On September 21, 2014, Capers filed a letter with the court stating that the letter was "not an appeal" of his sentence and requesting that the trial court reconsider his RRRI eligibility. Capers claimed that his 2008 conviction in Philadelphia County for firearms not to be carried without a license, 18 Pa.C.S.A. § 6106, ("2008

_____
* Former Justice specially assigned to the Superior Court.

firearm conviction") did not make him ineligible for the program. The trial court treated this document as a PCRA petition and appointed counsel. On March 6, 2015, counsel filed a Petition to Withdraw as PCRA Counsel and a **_Turner/Finley_**[1] letter. On March 23, 2015, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1) and granted counsel's petition to withdraw. On August 7, 2015, the Philadelphia County Court of Common Pleas vacated Capers' 2008 firearm conviction. Capers did not file a response to the notice of intent to dismiss or an amended or supplemental PCRA petition. More than two years later, on November 15, 2017, the PCRA court dismissed the petition.[2] Capers filed a timely Notice of Appeal.

On appeal, Capers claims that, because the Philadelphia Court of Common Pleas vacated the 2008 firearm conviction, (1) the trial court erred in finding him ineligible for the RRRI program and (2) the sentence agreed to by the parties and imposed by the trial court in 2014 was based on an incorrect prior record score.[3]

---

[1] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988), and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa.Super. 1988) (_en banc_).

[2] The trial court stated that "[i]t has just come to the court's attention that on March 23, 2015, this court gave [Capers] the mandatory twenty-day notice of its intent to dismiss his [PCRA] Petition . . . . To date, the court has not received a response to said notice." Order, 11/15/17, at 1 n.1.

[3] Capers' brief does not include a statement of issues. However, his issues are clear from the brief.

Capers has waived his claims. In his PCRA petition, he claimed that the 2008 firearm conviction was not a disqualifying conviction when determining RRRI eligibility.[4] On appeal, he argues that the 2008 firearm conviction was vacated and, therefore, the conviction on which his RRRI ineligibility was based no longer exists. Further, he argues that the vacated sentence impacts the prior record score and that the Commonwealth would have agreed to, and the trial court would have imposed, a different sentence had the parties had the proper score. Capers did not file a response to the notice of intent to dismiss or an amended or supplemental PCRA petition, informing the PCRA court of the vacated sentence. He has, therefore, waived the claims raised in his brief for purposes of this appeal.[5]

_____

[4] Capers has abandoned this claim by not raising it in his appellate brief.

[5] We agree with the PCRA court that, had Capers not waived his claim regarding his eligibility for the RRRI program based on the vacated conviction, it would be moot. As noted by the PCRA court, a finding by the trial court that a defendant is RRRI eligible entitles the defendant to certain programs while incarcerated and an earlier minimum release date. Trial Court Opinion, filed Feb. 8, 2018, at 5; **Commonwealth v. Robinson**, 7 A.3d 868, 872 (Pa.Super. 2010) ("The RRRI statute offers, as an incentive for completion of the program, the opportunity for prisoners to be considered for parole at the expiration of their RRRI minimum sentence."). Capers was paroled in the spring of 2016. **See** TCO, at 5. Therefore, the issue of whether Capers would have been RRRI eligible after the Philadelphia Court of Common Pleas vacated his prior conviction is moot. **See Burke ex rel. Burke v. Indep. Blue Cross**, 103 A.3d 1267, 1271 (Pa. 2014) ("The claim of mootness . . . stands on the predicate that a subsequent change in circumstances has eliminated the controversy so that the court lacks the ability to issue a meaningful order, that is, an order that can have any practical effect.").

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/18

---

Further, as the PCRA court noted, Capers did not raise the claim that his sentence was based on an incorrect prior record score until he filed a Pennsylvania Rule of Appellate Procedure 1925(b) Statement. He did not raise it in an amended PCRA petition or supplemental petition and, therefore, the PCRA court lacked jurisdiction to address the claim. TCO at 6.