J-S63023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :         PENNSYLVANIA
                             :
            v.               :
                             :
                             :
JEREMY LEE HENSEL            :
                             :
        Appellant           :  No. 386 WDA 2018

Appeal from the Judgment of Sentence February 13, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003974-2015,
CP-02-CR-0011315-2014, CP-02-CR-0011316-2014

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 30, 2018**

Jeremy Lee Hensel (Appellant) appeals from the judgment of sentence imposed following the revocation of his probation in three cases.[1]  We deny relief on his challenge to the discretionary aspects of his sentence, but vacate the judgment of sentence and remand solely for the trial court to address Appellant's eligibility for the Recidivism Risk Reduction Incentive[2] (RRRI) program.

_____

[1] Appellant included a fourth case, CP-02-CR-0002928-2015 (Case 2928), in his notice of appeal.  However, in its Pa.R.A.P. 1925(b) order, the trial court noted that in Case 2928, Appellant was paroled and the "interest [was] closed."  Order, 4/2/18.  The court thus corrected the caption to remove that docket number.  We likewise have removed Case 2928 from the caption in this appeal.

[2] 61 Pa.C.S.A. §§ 4501-4512.

* Former Justice specially assigned to the Superior Court.

On June 10, 2015, Appellant entered negotiated guilty pleas at two dockets: CP-02-CR-0011315-2014 (Case 1315) and CP-02-CR-0011316-2014 (Case 1316). At Case 1316, the Commonwealth's offer of proof was that on August 22, 2013, Appellant went to the home of Chelsea Semprevivo, "knowing that he was not permitted to do so, having been previously told not to go there. A dispute arose. . ." and Appellant "strangle[d Semprevivo,] slam[med] her head on a window and push[ed] her down steps." N.T. Guilty Plea, 6/10/15, at 5. Ms. Semprevivo suffered a bruised ankle and pain in her neck, and her cell phone was damaged. *Id.* at 5-6. Appellant pled guilty to simple assault and defiant trespass.[3] The court imposed a sentence of 2 years of probation for simple assault.

At Case 1315, the Commonwealth averred that on June 2, 2014, Appellant returned "to Ms. Semprevivo's residence where he knew he was not allowed to be[,] punched her in the ribs and chest multiple times, put her in a full nelson hold and also threatened to shoot her and another person that was present." *Id.* at 6. Appellant pled guilty to terroristic threats,[4] simple assault, and defiant trespass. The trial court sentenced Appellant, for his terroristic threats charge, to 112 days served, and 2 years of probation, to run concurrently with the probationary term at Case 1316.

---

[3] 18 Pa.C.S.A. §§ 2701(a)(1), 3503(b)(1).

[4] 18 Pa.C.S.A. § 2706(a)(1).

On August 5, 2015, Appellant entered a negotiated guilty plea in a third case, CP-02-CR-0003974-2015 (Case 3794), to terroristic threats. The Commonwealth alleged that on November 26, 2014, Appellant called his ex-girlfriend, Jennifer Augustin, and told her that he would shoot her, her brother, and her family, and that Ms. Augustin "took this threat seriously and [was] in fear of reasonable bodily injury." N.T. Guilty Plea/Sentence, 8/5/15, at 3-4. The trial court sentenced Appellant to 2 years of probation. Appellant did not file a post-sentence motion or notice of appeal in any of these three cases.

Thereafter, the Commonwealth alleged that Appellant violated his probation in all three cases. On February 13, 2018, the trial court conducted a *Gagnon II* violation of probation (VOP) hearing.[5] Appellant had been in custody since August 22 or 24, 2017 for the alleged VOP. N.T. Probation Violation, 2/13/18, at 2, 5. Probation Officer (PO) Walls testified that the probation office and Justice Related Services (JRS) attempted to assist

---

[5] The *Gagnon I* hearing was conducted on July 5, 2017. This Court has explained:

> When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. . . . Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made.

*Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000) (citations omitted).

Appellant with obtaining housing, but "[e]very time that [they tried] to communicate with him, he would get angry and yell at them." *Id.* at 3-4. Appellant was "administratively discharged from" the program because he failed to pay rent and "was making threats of killing everybody in the house." *Id.* at 3. Appellant reported to his probation officer that he was not receiving his Social Security benefits, but upon investigation, the officer learned that Appellant had been receiving the benefits since July of 2017. *Id.* The probation officer had "a huge concern regarding [Appellant's] ability to be in the community and be supervised by court stipulations," and believed that he was not "amenable to community supervision." *Id.* PO Walls further stated that Appellant failed to make court-ordered payments to the victim and court.

Appellant's counsel responded that Appellant suffered from severe mental illness and prison was not appropriate because Appellant could not complete "any programs . . . [and] he continues to have episodes where he gets in higher and higher levels of the jail facility." N.T. Probation Violation, 2/13/18, at 5. Counsel requested that JRS "set up a plan for him," including a group home, and that Appellant's case be transferred to Mental Health Court. *Id.* at 4-6. Appellant apologized for his actions and told the court that he hoped to change. *Id.* at 6-7.

In addition to hearing the above testimony, the trial court reviewed Appellant's pre-sentence report. The court found that Appellant did not comply with any of the programs to which he had been referred, and did not

- 4 -

"cooperate" in county jail. N.T. Probation Violation, 2/13/18, at 8. The court noted that Appellant was "302'd for threatening to kill others" and has "threatened [his] probation officer with some pretty serious accusations." *Id.* at 9. The court also noted that when Appellant was a minor, he sexually abused and stabbed a six-year old, who was also the victim in a separate criminal action in 2013 (Case 2928), in which Appellant telephoned the victim and threatened her and her family. *Id.* at 10. The court addressed Appellant:

> Every action that you have been involved in involves anger, danger and violence. If you are in the jail in your cell and you want to be angry and violent, that's up to you. But out in society, you can't do that.
>
> You have refused every single effort that we have given you to rehabilitate yourself. You have never been employed for any length of time. You never did well under County supervision. You are a danger to the community, and apparently anyone who[ ] crosses your path.
>
> I understand that you may have some mental health issues; however, I see you making no effort to deal with those issues. All you do is . . . get angry, and you assault and you are violent.

*Id.*

The trial court revoked Appellant's probation in Cases 1315, 1316, and 3974.[6] The court sentenced Appellant to prison terms of, respectively, 2 to 4 years, 1 to 2 years, and 2 to 4 years in the three cases, all to run consecutively. The resulting aggregate sentence was 5 to 10 years of

---

[6] As we stated in footnote 1, the trial court also revoked Appellant's probation in Case 2928, but imposed no further sentence and "close[d] interest in that case." N.T. Probation Violation, 2/13/18, at 11.

imprisonment. Pertinently, the court did not address whether Appellant was RRRI eligible.

Appellant filed a timely post-sentence motion, averring that his sentences were excessive. The trial court denied the motion, and Appellant timely appealed.[7] The court directed Appellant to file a Pa.R.A.P. 1925(b) statement, but subsequently granted trial counsel's request to withdraw from representation, and appointed present appellate counsel to represent Appellant. Counsel filed a timely Rule 1925(b) statement, alleging that the sentence was excessive and that the sentence was illegal because the court did not determine whether Appellant was eligible for RRRI. The trial court issued an opinion.

Appellant presents two issues for our review:

1. Whether the revocation sentence of total confinement is excessive, unreasonable and an abuse of discretion where the Court of Common Pleas: (a) did not consider all of the criteria of 42 Pa.C.S. §9721(b) and ignored [Appellant's] mental illness and rehabilitative needs and the relatively minor gravity of his offenses and/or (b) imposed a sentence of incarceration for only technical violations?

2. Whether the February 13, 2018 sentence is illegal where the Court of Common Pleas failed to make a determination as to

_____

[7] Appellant filed one notice of appeal regarding each of the three dockets under which he was sentenced. Because this single notice of appeal for multiple dockets was filed before June 1, 2018, we will not quash this appeal. **See Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding that for notices of appeal filed after June 1, 2018, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case").

[Appellant's] eligibility for the RRRI?

Appellant's Brief at 5.

Appellant's first issue challenges the discretionary aspects of his sentence. We note the standard of review of a VOP sentence:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-84 (Pa. Super. 2012) (citation omitted). "Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Id.*** at 1286-1287 (citation omitted). "When a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." ***Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013), ***affirmed***, 91 A.3d 102 (Pa. 2014).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014), ***appeal denied***, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary

aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Baker*, 72 A.3d at 662 (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Here, Appellant has complied with the first three prongs of the discretionary aspect test to invoke our jurisdiction by raising his issue in a timely post-sentence motion, filing a timely notice of appeal, and including in his appellate brief a Rule 2119(f) concise statement. We therefore proceed to determine whether Appellant has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental normal which underlie the sentencing

process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted). This Court has held that a claim that a VOP sentencing court failed to consider the factors under 42 Pa.C.S.A. § 9721(b) raises a substantial question. ***Commonwealth v. Derry***, 150 A.3d 987, 994-95 (Pa. Super. 2016). ***See*** 42 Pa.C.S.A. § 9721(b) (sentencing court shall follow general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant).

Here, Appellant avers that the trial court abused its discretion in imposing total confinement, following the revocation of his probation, because the sentence does not advance any of the 42 Pa.C.S.A. § 9721(b) sentencing factors. Appellant concedes that the trial court reviewed his pre-sentence report, but maintains that the court considered his "mental illness as an aggravating factor in considering" his sentence, and "did not consider it as it relates to [his] rehabilitative needs, especially when the [c]ourt was advised that [he] was unable to complete programs . . . in jail due . . . to episodes of behavior related to his mental illness." Appellant's Brief at 18. Appellant contends that the trial court failed to "try to rehabilitate him for when he returns to society at a relatively young age (36 or 37[)]." ***Id.*** at 19. Further, Appellant concedes that the protection of the public "is a significant concern," but also alleges that the court overlooked the fact that his convictions in the

underlying cases "were less severe than his juvenile adjudications of rape and aggravated assault," and that his conduct which led to his VOP was "less severe than the offenses of which he was convicted." *Id.* at 19-20. Finally, Appellant notes that his probation was revoked for technical violations. *Id.* at 21.

Appellant's overall claim — that the court failed to consider the Section 9721(b) factors in imposing a VOP sentence — raises a substantial question. *See Derry*, 150 A.3d at 994-95. However, we conclude no relief is due. Contrary to Appellant's argument, the trial court properly considered his mental health issues, and observed that Appellant failed to meaningfully address those issues. *See* N.T. Probation Violation, 2/13/18, at 10 ("I understand that you may have some mental health issues; however, I see you making no effort to deal with those issues."). The court also stated that both Appellant's failure to comply with probationary supervision and the need to protect the public called for a sentence of imprisonment: "You have refused every single effort that we have given you to rehabilitate yourself," and "[e]very action that you have been involved in involves anger, danger and violence." *Id.* In its opinion, the trial court stated that its 2-to-4-year sentence for terroristic threats and 1-to-2-year sentence for simple assault "were well below the maximum sentencing guidelines" of 5 years and 2 years, respectively. *See Simmons*, 56 A.3d 1280, 1286-87. In sum, the trial court did not abuse its sentencing discretion. *See id.* at 1283-84.

Appellant's second issue is that his sentence is illegal because the trial court failed to make a determination as to whether he was eligible for RRRI. Appellant concedes that he is **not** eligible, but nevertheless notes the mandate of 42 Pa.C.S.A. § 9756(b.1): "The court **shall** determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 . . . ."  Appellant's Brief at 22-23, **citing** 42 Pa.C.S.A. § 9756(b.1); **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010) ("[W]here the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal.").

Preliminarily, we note that this issue is properly before us despite Appellant's omission of the issue from his post-sentence motion.  **See Robinson**, 7 A.3d at 871 (challenge to legality of sentence is non-waivable). Next, we note that the trial court likewise and belatedly states that Appellant is not eligible for RRRI — due to his "extensive criminal history including a juvenile adjudication for rape and aggravated assault and adult convictions for simple assault and terroristic threats" — but nevertheless "concedes that it failed to specifically state that he was not RRRI eligible at the revocation hearing." Trial Court Opinion, 7/9/18, at 7.  The court thus suggests that this case be remanded for a new sentencing hearing for a specific finding as to Appellant's RRRI eligibility.  **Id.**  The Commonwealth agrees that Appellant is entitled to a resentencing hearing for a determination on his eligibility for

RRRI.  Commonwealth's Brief at 23.

We agree with Appellant's discussion of the mandatory language of Section 9756(b.1) and **Robinson**, **supra**.  Accordingly, we vacate Appellant's judgment of sentence and remand for the trial court to address Appellant's RRRI eligibility only.  **See Robinson**, 7 A.3d at 875.

Judgment of sentence vacated and remanded for proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2018