J-A13045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| MARK ANTHONY NATICCHIONE, | : : | |
| Appellant | : | No. 1637 EDA 2017 |

Appeal from the Judgment of Sentence April 21, 2017
in the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0006877-2016

BEFORE: SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED AUGUST 16, 2019**

Mark Anthony Naticchione (Appellant) appeals *pro se* from his judgment of sentence imposed on April 21, 2017, after a jury found him guilty of escape. Upon review, we vacate Appellant's judgment of sentence and remand for proceedings consistent with this memorandum.

During his April 20 to 21, 2017 jury trial, Appellant was represented by appointed counsel, Attorney Daniel Schatz. On April 21, 2017, Appellant was found guilty of escape, and the case proceeded directly to sentencing the same day. The trial court sentenced Appellant, in excess of the aggravated

_____
* Retired Senior Judge assigned to the Superior Court.

range, to 42 months to seven years of incarceration.[1] The trial court also ordered that Appellant be given credit for time served. Appellant, through Attorney Schatz, timely filed a motion for reconsideration of his sentence, arguing that his sentence was excessive. Motion for Reconsideration of Sentence, 5/1/2017. That motion was denied on May 5, 2017. On May 18, 2017, Appellant *pro se* filed a notice of appeal to this Court.[2]

On June 12, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. On June 30, 2017, Attorney Schatz filed notice of intention to file an ***Anders/McClendon*** brief pursuant to Pa.R.A.P. 1925(c)(4).[3] On July 10, 2017, the trial court wrote a letter to the Clerk of Courts of Bucks County, which stated the following.

> Appellate Counsel has reviewed the record and has determined that there are no meritorious issues to support an appeal. Pursuant to Pa.R.A.P. 1925(c)(4), counsel has filed a statement of intent to file an ***Anders/McClendon*** brief with the Superior Court in lieu of a Concise Statement of Matters Complained of on Appeal. Please forward the complete record to the Superior Court for review.

---

[1] According to the trial court, the standard range was 34 to 36 months of incarceration, and the aggravated range was 39 months of incarceration. N.T., 4/21/2017, at 82.

[2] A *pro se* notice of appeal is an exception to the general rule prohibiting hybrid representation. ***See Commonwealth v. Williams***, 151 A.3d 621 (Pa. Super. 2016) (citing 210 Pa. Code § 65.24).

[3] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

Letter, 7/10/2017.

The Clerk of Courts complied with the trial court's directive and transmitted the record to this Court. On July 20, 2017, Appellant *pro se* filed an application with this Court to proceed *pro se*. On August 25, 2017, this Court entered an order directing the trial court "to conduct an on-the-record determination as to whether the Appellant's waiver of counsel is knowing, intelligent and voluntary pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988), and to provide written notice of its determination to the Prothonotary of this Court within sixty [] days." *Per Curiam* Order, 8/25/2017.

The trial court scheduled a **Grazier** hearing for October 20, 2017. At that hearing, Appellant stated that although he did not wish to represent himself, he did not agree with Attorney Schatz's position that there was no merit to the issues he wished to raise on appeal. N.T., 10/20/2017, at 4. The trial court explained to Appellant that Attorney Schatz fulfilled his obligations by filing his statement of intent to file an **Anders** brief. **Id**. at 5. The trial court stated that if Attorney Schatz were to continue to represent Appellant, he would file a brief stating the issues do not have merit, and then it would be up to the Superior Court to review the issues. **Id**. at 6. Appellant maintained that he did not wish for Attorney Schatz to represent him. **Id**. Appellant stated that he wished to proceed "on [his] own" because Attorney Schatz "is not helping" him. **Id**. at 7. According to Appellant, "[t]hat's the only reason why [he is] going to proceed on [his] own." **Id**. at 7-8. Thus, the

- 3 -

trial court elected not to colloquy Appellant regarding his waiver of counsel. The trial court gave Appellant two options: (1) proceed with Attonrey Schatz, who would file an **Anders** brief, or (2) proceed *pro se*. **Id**. at 10. Appellant chose to proceed *pro se*. **Id**. at 11. Based on the foregoing, the trial court entered an order concluding that Appellant's decision to proceed *pro se* "is knowing, intelligent and voluntary." Trial Court Order, 10/20/2017.

Subsequently, Appellant filed *pro se* an amended concise statement of errors complained of on appeal. Appellant suggested that (1) his sentence is illegal because the trial court did not make a determination as to Appellant's eligibility for the Recidivism Risk Reduction Incentive (RRRI) program,[4] (2) the trial court abused its discretion by sentencing Appellant in excess of the aggravated range, and (3) the trial court erred by not calculating his credit for time served in a proper manner. Amended Concise Statement, 5/9/2018. The trial court authored an opinion in response, where it did not address Appellant's RRRI-related claim, but did address the other issues and concluded Appellant was not entitled to relief. On October 7, 2018, the trial court authored an amended opinion wherein it agreed with Appellant that his sentence was illegal because the court "did not make a determination as to [Appellant's] eligibility under the RRRI Act as required." Supplemental Opinion, 10/7/2018, at 1. Moreover, according to the trial court, "[t]he record developed at the time [the] sentence was imposed is not sufficiently clear to

---

[4] **See** 61 Pa.C.S. §§ 4501-4512.

establish whether Appellant would be an 'eligible offender' under 61 Pa.C.S. § 4503." ***Id***. Thus, the trial court now requests "that the matter be remanded for purposes of resentencing in accordance with [sub]ection 4505(a)." ***Id***.

On appeal, Appellant advances the same three issues he set forth in his amended concise statement. Under normal circumstances, we would first determine whether Appellant is properly proceeding *pro se*. However, because the trial court and the Commonwealth[5] have requested we vacate Appellant's sentence and remand for a new sentencing hearing due to the RRRI-related issue, we will first address that issue.

It is well settled that at the time of sentencing, the trial court must make a determination as to a defendant's RRRI eligibility. ***See*** 61 Pa.C.S. § 4505(a); 42 Pa.C.S. § 9756; ***Commonwealth v. Robinson***, 7 A.3d 868, 871 (Pa. Super. 2010). Here, the trial court and Commonwealth concede this did not occur, and our review of the sentencing transcript confirms the omission. Accordingly, we vacate Appellant's judgment of sentence and remand for a new sentencing hearing.

Having concluded that Appellant is entitled to a new sentencing hearing, we also conclude that the trial court shall appoint new counsel, not Attorney Schatz, to represent Appellant. It is clear that Appellant wished to have counsel for his appeal, but disagreed with Attorney Schatz as to the merit of the issues he wished to raise on appeal. Generally speaking, a defendant

---

[5] ***See*** Commonwealth's Brief at 18-19.

is not entitled to appointed counsel of his choosing. **See Commonwealth v. Cook**, 952 A.2d 594, 617 (Pa. 2008) ("While an indigent [defendant] is entitled to free counsel, he is not entitled to free counsel of his own choosing."). However, a change of counsel is permitted, and can be warranted, where there are irreconcilable differences between a defendant and counsel. **Id**. Here, Appellant was correct that there is merit to at least one of issues he wished to present on appeal. Accordingly, it is appropriate under these circumstances that the trial court appoint new counsel for Appellant's re-sentencing and any further proceedings.[6]

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Shogan joins this memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/19

---

[6] Because we are vacating Appellant's judgment of sentence, we need not reach either his discretionary-aspects-of-sentence issue or credit-time issue at this juncture. However, those issues may be raised in a new post-sentence motion or direct appeal following re-sentencing.