J-S68023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA STRAYHORN | : | |
| | : | |
| Appellant | : | No. 648 WDA 2019 |

Appeal from the PCRA Order Entered March 27, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013273-2015

BEFORE: GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED DECEMBER 20, 2019**

Joshua Strayhorn appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 8, 2017, Strayhorn entered a negotiated guilty plea to third-degree murder, and the trial court sentenced him to 15 to 30 years' imprisonment.[1] Strayhorn did not file post-sentence motions or a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that Strayhorn has stated, incorrectly, that sentencing occurred on February 28, 2017. The sentencing order is dated February 8, 2017. **See** Appellant's Brief. Strayhorn's counsel also gives that incorrect date in the counseled petition filed on February 8, 2019. **See** "Petition for Modification of Relief," 2/8/19, at 2.

On July 12, 2018, Strayhorn filed a *pro se* "Petition for Modification of Relief." The court treated this filing as a PCRA petition and appointed counsel for Strayhorn. On February 8, 2019, counsel filed an amended petition, also captioned as a "Petition for Modification of Relief," and argued Strayhorn's petition was not a PCRA petition, and that Strayhorn was Recidivism Risk Reduction Incentive (RRRI)[2] eligible, citing ***Commonwealth v. Cullen-Doyle***, 164 A.3d 1239 (Pa. 2017).[3] ***See*** Petition for Modification of Relief, 2/8/19, at 3. The Commonwealth filed an answer, arguing the court should construe the petition as a PCRA petition and dismiss the petition for lack of jurisdiction. ***See*** Commonwealth's Answer to Post Conviction Relief Act Petition, 3/1/19, at 2-3.

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. When an action is cognizable under the PCRA, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" 42 Pa.C.S.A. § 9542. ***See Commonwealth v. Haun***, 32 A.3d 697 (Pa. 2011); ***Commonwealth v. Fowler***, 930 A.2d 586 (Pa. Super. 2007). ***See also Commonwealth v. Deaner***, 779 A.2d 578 (Pa. Super.

---

[2] ***See*** 61 Pa.C.S.A. §§ 4501, *et seq*.

[3] In ***Cullen-Doyle***, the Pennsylvania Supreme Court held that that conviction for first-degree burglary, by itself, did not disqualify defendant from eligibility for reduced sentencing under the RRRI Act.

2001) (collateral petition that raises issue that PCRA statute could remedy is considered PCRA petition). It is axiomatic that all claims, including those implicating the legality of a sentence or asserting a miscarriage of justice, "must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). ***See also Commonwealth v. Hockenberry***, 689 A.2d 283, 288 (Pa. Super. 1997) (legality of sentence is cognizable issue under PCRA).

Strayhorn's claim, that the sentencing court's failure to impose an RRRI sentence, implicates the legality of the sentence, and, therefore, it is cognizable under the PCRA. ***See Commonwealth v. Robinson***, 7 A.3d 868, 871 (Pa. Super. 2010) ("[W]here the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal."). Accordingly, the court properly construed his filing as a PCRA petition.

In reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. ***Commonwealth v. Liebel***, 825 A.2d 630, 632 (Pa. 2003). Great deference is granted to the findings of the PCRA court, and these finding will not be disturbed unless they have no support in the certified record. ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003). Further, the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). Generally, a petition for PCRA

relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545. "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the court sentenced Strayhorn on February 8, 2017. He did not file a direct appeal, and thus his judgment of sentence became final on March 10, 2017, at the expiration of his 30-day appeal period. *See* Pa.R.A.P. 903(a). Strayhorn had one year, or until March 10, 2018, to file his PCRA petition. 42 Pa.C.S.A. § 9545(b). Strayhorn's *pro se* petition was filed on July 12, 2018, over three months beyond the one-year jurisdictional time bar. His petition, therefore, is facially untimely. To overcome the jurisdictional time-bar, Strayhorn was required to plead and prove an exception to the PCRA time requirements. *See* 42 Pa.C.S.A. §9545(b)(1). He did not do so, instead arguing that his filing should not have been viewed as a PCRA petition.

Strayhorn's petition was properly treated as a PCRA petition. Because it is facially untimely, and because he has failed to plead and prove an exception to the one-year time bar, we affirm the order dismissing his petition as untimely. *Murray*, *supra*.

- 4 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/20/2019</u>