J-S46045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE CARTAGENA | : | |
| | : | |
| Appellant | : | No. 3236 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 25, 2019
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001306-2019

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: Filed: December 24, 2020

Lawrence Cartagena ("Cartagena") appeals from the judgment of sentence imposed following his convictions of two counts of possession with intent to deliver controlled substances, and one count of possession of drug paraphernalia.[1] We affirm.

The trial court summarized the factual history underlying the instant appeal as follows:

> [O]n Thursday[,] January 31, 2019[,] at approximately 7:30 a.m.[,] members of the Chester Police Department Narcotics Unit were assisting members of the [Drug Enforcement Agency's ("DEA")] Wilmington, Delaware regional office in surveillance of [Cartagena,] who was the subject of a Delaware arrest warrant at 2701 Madison Street, Apartment F[-]240, Chester, [Pennsylvania].

---

[1] 35 P.S. § 780-113(a)(30), (32).

[Cartagena] was arrested after the law enforcement officers entered the apartment door[,] opened by [Nashaly] Velez[]quez-Questell[, Caragena's girlfriend, ("Velezquez-Questell")]. [] Velezquez-Questell consented to [a] search [of] the premises. [The s]earch of the premises turned[ ]up the following contraband that was seized, including, $1,091.00 in United State[s] currency, [a] Walmart blender, two cell phones, [a] digital scale, [and 11] bags of heroin[.] After being **_Mirandized_** (**_Miranda v. Arizona_**, 384 U.S. 436 … (1966)), [Cartagena] confessed [that all of] the contraband was [] his[,] not his girlfriend's[.]

Trial Court Opinion, 6/15/20, at 2.

Following a jury trial, Cartagena was convicted of the above-mentioned offenses. The trial court deferred sentencing and ordered a pre-sentence investigation report. On October 25, 2019, the trial court sentenced Cartagena to an aggregate term of 90 to 180 months in prison, followed by 12 months of probation. Additionally, the trial court determined that Cartagena was an eligible offender under the Recidivism Risk Reduction Incentive Act ("RRRI")[2] and imposed an RRRI minimum sentence of 75 months. Cartagena filed a timely Notice of Appeal and court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Cartagena now raises the following issues for our review:

1. Whether the [trial c]ourt committed non-waivable error when it failed to determine whether the [RRRI] applies?

2. Whether Pennsylvania Rule of Evidence 404(b) was violated because evidence of prior crimes or wrongdoing that preceded the trial were heard by the jury?

---

[2] **_See_** 61 Pa.C.S.A. §§ 4501-4512.

Brief for Appellant at 6 (issues numbered).

In his first claim, Cartagena claims that his sentence is illegal, because the trial court failed to make a determination as to Cartagena's RRRI eligibility at the time of sentencing. *Id.* at 10. Cartagena acknowledges that he has raised this claim for the first time on appeal, but contends that his illegal sentence claim cannot be waived. *Id.* Additionally, Cartagena asserts that he is eligible for RRRI. *Id.*

A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence. *Commonwealth v. Robinson*, 7 A.3d 868, 871 (Pa. Super. 2010). Claims that challenge the legality of the sentence cannot be waived. *Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa. Super. 2014). "Our scope of review of challenges to the legality of a sentence is plenary, and the standard of review is *de novo*." *Commonwealth v. Milhomme*, 35 A.3d 1219, 1221 (Pa. Super. 2011).

The RRRI provides that, "[a]t the time of sentencing, the court shall make a determination whether the defendant is an eligible offender." 61 Pa.C.S.A. § 4505(a); *see also* 42 Pa.C.S.A. § 9756(b.1) (wherein the Sentencing Code states that "[t]he court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S.[A.] Ch. 45 (relating to recidivism risk reduction incentive)."). Where the trial court fails to make a statutorily-required and compulsory RRRI

eligibility determination at sentencing, the defendant's sentence is illegal. **Robinson**, 7 A.3d at 871.

Our review of the record reveals that on October 25, 2019, Cartagena was sentenced to an aggregate term of 90 to 180 months in prison. **See** N.T. (Sentencing Hearing), 10/25/19, at 9-11; **see also** Order of Sentence, 10/25/19, at 1. In its Sentencing Order, the trial court found Cartagena to be an eligible offender under the RRRI and imposed an RRRI minimum sentence of 75 months. **See** Order of Sentence, 10/25/19, at 1; **see also** 61 Pa.C.S.A. § 4505(c)(2) (providing that an RRRI minimum sentence "shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years."). Because the record reveals that Cartagena was, in fact, found to be eligible under the RRRI, and the trial court sentenced Cartagena accordingly, we grant him no relief on this claim.

In his second claim, Cartagena argues that the trial court erred by admitting evidence of prior crimes or prior bad acts under Pa.R.E. 404(b). Brief for Appellant at 13. Specifically, Cartagena claims that DEA Agent Trevor Riccobin ("Agent Riccobin") and Police Officer Timothy Garron ("Officer Garron") should not have been allowed to testify that they were seeking to arrest Cartagena based upon a Delaware arrest warrant. **Id.** Cartagena claims that, in sustaining his objection to testimony about the Delaware arrest warrant, the trial court did not allow defense counsel the "opportunity to move for a mistrial or request a curative instruction, and the trial court did not offer

a curative instruction." **Id.** Cartagena asserts that the trial court allowed six references to his Delaware arrest warrant to be heard by the jury, and that these references were more prejudicial than probative. **Id.** at 15. In support of this contention, Cartagena claims that the jury could have inferred that his Delaware arrest warrant was drug-related, because the "prosecution team was made up of law officers from both states and the [DEA,] who specialize in drug interdiction." **Id.**

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Tyson**, 119 A.3d 353, 357 (Pa. Super. 2015) (citation and quotation marks omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Harris**, 884 A.2d 920, 924 (Pa. Super. 2005) (citation and quotation marks omitted).

Rule 404 generally prohibits "[e]vidence of a crime, wrong, or other act" when such evidence is offered to show "that on a particular occasion the person acted in accordance with the character" shown by that crime, wrong, or other act. Pa.R.E. 404(b)(1). However, "[t]his evidence may be admissible for another purpose such as proving motive, opportunity, intent, preparation,

plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).

Instantly, the Commonwealth called both Agent Riccobin and Officer Garron to testify about the arrest of Cartagena and subsequent search of the apartment. *See* N.T. (Jury Trial), 9/11/19, at 29-49, 51-84. On both direct and cross examination, Agent Riccobin and Officer Garron stated that they were at the apartment pursuant to a Delaware arrest warrant. *Id.* at 32, 37, 44, 52-53, 67-68. Cartagena objected to Agent Riccobin's testimony about the Delaware arrest warrant during the following exchange:

[Agent Riccobin]: Excuse me. For the stuff related to Delaware-

[Defense Counsel]: You Honor, I'm going to object to this. … This is not related to our case.

* * *

[Trial Court]: Okay, I'll sustain that.

N.T. (Jury Trial), 9/11/19, at 67-68.

Our review of the record reveals that defense counsel objected to the *relevance* of the Delaware arrest warrant, rather than its inadmissibility as a prior bad act or wrongdoing under Pa.R.E. 404(b)(2). Indeed, Cartagena did not object at any other time to testimony regarding the Delaware arrest warrant. *See* Trial Court Opinion, 6/15/20, at 14-15; *see also* N.T. (Jury Trial), 9/11/19, at 32, 37, 44, 52-53 (wherein Officer Garron and Agent Riccobin referenced the existence of the Delaware arrest warrant, but Cartagena did not object). In fact, Cartagena cross-examined Officer Garron

about the Delaware arrest warrant. *See* N.T. (Jury Trial), 9/11/19, at 44. Further, at no point before, during, or after the trial did Cartagena assert that the above testimony, or any other testimony, was inadmissible as evidence of prior bad acts. *See Commonwealth v. Shamsud-Din*, 995 A.2d 1224, 1228 (Pa. Super. 2010) (stating that, "in order for a claim of error to be preserved for appellate review, a party must make a timely and **specific** objection before the trial court at the appropriate stage of the proceedings; the failure to do so will result in waiver of the issue.") (emphasis added; citations omitted); Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"). Because Cartagena

failed to raise a timely, contemporaneous objection, his claim is waived.[3, 4]

      Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/20

---

[3] To the extent that Cartagena claims the trial court did not allow him to request a curative instruction or move for a mistrial, we disagree.  Our review of the record reveals that the trial court did not prevent Cartagena from requesting relief; on the contrary, the trial court gave Cartagena several opportunities to request relief.  **See** N.T. (Jury Trial), 9/11/19, at 67-68 (wherein Cartagena's objection to testimony about the relevance of the Delaware arrest warrant was sustained); **see also id.** at 165, 186-87 (wherein the trial court gave Cartagena opportunities to request additions to, or to object to, the jury instructions).  Thus, Cartagena's claim that the trial court did not allow him to request a curative instruction or a mistrial is belied by the record.

[4] Even if Cartagena had not waived this claim, we would conclude that his claim lacks merit.  The references to the Delaware arrest warrant were admitted to explain why the police were at Cartagena's apartment, rather than to show that Cartagena acted in accordance with a particular character trait. **See generally Commonwealth v. Williams**, 896 A.2d 523, 539 (Pa. 2006) (explaining that the *res gestae* exception to Rule 404(b) allows admission of evidence of other crimes when such evidence is relevant to furnish the context or complete the story of the events surrounding the instant crime); **Commonwealth v. Dillon**, 925 A.2d 131, 139 (Pa. 2007) (stating that *res gestae* evidence is admissible to explain events surrounding criminal conduct and resulting prosecution so that the case presented to the jury does not appear in a vacuum).